IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SAUDI ARABIAN AIRLINES CORPORATION, | No. 1:21-cv-06971 (NRB) |
| Plaintiff, | |
| – against – | IAGCAS, LLC's ANSWER |
| IAGCAS, LLC, | |
| Defendant. | |

---

Defendant IAGCAS, LLC ("IAGCAS"), by its attorneys, Cohen & Gresser LLP, hereby submits this Answer to the Complaint of Plaintiff Saudi Arabian Airlines Corporation ("Plaintiff" or "SAUDIA") dated August 18, 2021.

IAGCAS denies each and every allegation contained in the Complaint, except as expressly admitted herein, and any factual averment admitted herein is admitted only with respect to the specific facts and not any conclusion, inference, characterization, implication, innuendo or speculation contained in any averment or in the Complaint as a whole. Headings in the Complaint are not allegations and therefore do not require a response.

IAGCAS answers the numbered Paragraphs 1 through 31 in the Complaint as follows:[1]

    1.    IAGCAS denies the allegations in Paragraph 1 of the Complaint, except states that certain allegations are legal conclusions as to which no responsive pleading is required or appropriate.

---

[1] Except as otherwise indicated, capitalized terms used in this Answer have the meanings specified in the Complaint. The use of such defined terms is solely for convenience and is not intended as an admission of any allegation of fact or law.

2. IAGCAS denies the allegations in Paragraph 2 of the Complaint, except admits that IAGCAS is a Florida limited liability company with an address in Miami, Florida and that it signed the Sale Agreement for B777-200ER Aircraft Between Saudi Arabian Airlines Corporation and IAGCAS, LLC (the "Agreement"). IAGCAS refers to the Agreement for its full contents.

3. IAGCAS denies the allegations in Paragraph 3 of the Complaint, except admits that it took delivery of three aircraft specified in the Agreement from SAUDIA. IAGCAS refers to the Agreement for its full contents. IAGCAS further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directly involving IAGCAS.

4. The allegations in Paragraph 4 are legal conclusions to which no responsive pleading is required or appropriate, except IAGCAS admits that IAGCAS is a citizen of the United States.

5. IAGCAS denies the allegations in Paragraph 5 of the Complaint, except admits that Paragraph 5 quotes a portion of Article 17 of the Agreement and refers to the Agreement for its full contents.

6. The allegations in Paragraph 6 are legal conclusions to which no responsive pleading is required or appropriate, and IAGCAS refers to the Agreement for its full contents.

7. IAGCAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7.

8. The allegations in Paragraph 8 are legal conclusions to which no responsive pleading is required or appropriate, but to the extent a response is required, admits that IAGCAS is a Florida limited liability company with its principal address at 6929 NW 46th Street, Miami, Florida 33166, that the Cooper Delaware Family Trust and Mauricio Luna, as Trustee of the Mauricio Luna Revocable Living Trust are IAGCAS's only two members, that the Cooper Delaware Family Trust is a trust organized under the laws of, and maintains its address in, the state of Idaho and that Mauricio Luna resides in the state of Florida.

9. IAGCAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10. IAGCAS denies the allegations in Paragraph 10 of the Complaint, except admits that IAGCAS buys, on occasion, certain used aircraft and aircraft parts and components.

11. IAGCAS denies the allegations in Paragraph 11 of the Complaint, except admits that SAUDIA signed the Agreement and refers to the Agreement for its full contents.

12. IAGCAS denies the allegations in Paragraph 12 of the Complaint and refers to the Agreement for its full contents.

13. IAGCAS denies the allegations in Paragraph 13 of the Complaint, except admits that Paragraph 13 quotes portions of the Agreement and refers to the Agreement for its full contents.

14. IAGCAS denies the allegations in Paragraph 14 of the Complaint, except admits that the Agreement contains an "Exhibit B" and refers to the Agreement for its full contents.

15. IAGCAS denies the allegations in Paragraph 15 of the Complaint, except admits that it purchased and took delivery of an aircraft bearing registration number HZ-AKN on or about November 20, 2019, and refers to the Agreement for its full contents.

16. IAGCAS denies the allegations in Paragraph 16 of the Complaint, except admits that it purchased and took delivery of an aircraft bearing registration number HZ-AKO on or about January 15, 2020, and refers to the Agreement for its full contents.

17. IAGCAS denies the allegations in Paragraph 17 of the Complaint, except admits that it received a document titled "Notice Letter" from SAUDIA dated both March 18, 2020, and March 19, 2020, and refers to the document for its full contents.

18. IAGCAS denies the allegations in Paragraph 18 of the Complaint, except admits that Brian Cooper sent a letter on March 30, 2020 to Ahmed Baghaffar and refers to the letter for its full contents.

19. IAGCAS denies the allegations in Paragraph 19 of the Complaint, except admits that it received a letter dated April 20, 2020 from SAUDIA and refers to the letter for its full contents.

20. IAGCAS denies the allegations in Paragraph 20 of the Complaint, except admits that it purchased and took delivery of an aircraft bearing registration number HZ-AKE on or about October 28, 2020.

21. IAGCAS denies the allegations in Paragraph 21 of the Complaint, except admits that Brian Cooper sent SAUDIA an email on November 11, 2020 and refers to the email for its full contents.

22. IAGCAS denies the allegations in Paragraph 22 of the Complaint and refers to the referenced correspondence for its full contents.

23. IAGCAS denies the allegations in Paragraph 23, except admits that it has not taken delivery of and has not paid, other than a $1.5 million security deposit, for ten of the aircraft described in the Agreement.

24. IAGCAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25. IAGCAS denies the allegations in Paragraph 25 of the Complaint, except admits that it received a letter from SAUDIA dated March 25, 2021 and refers to the letter for its full contents.

26. The allegations in Paragraph 26 are legal conclusions to which no responsive pleading is required or appropriate. To the extent a response is required, IAGCAS denies the allegations in Paragraph 26.

27. IAGCAS incorporates its responses to Paragraphs 1–26 herein.

28. The allegations in Paragraph 28 are legal conclusions to which no responsive pleading is required or appropriate.

29. The allegations in Paragraph 29 are legal conclusions to which no responsive pleading is required or appropriate. To the extent a response is required, IAGCAS denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 are legal conclusions to which no responsive pleading is required or appropriate. To the extent a response is required, IAGCAS denies the allegations in Paragraph 30.

31. The allegations in Paragraph 31 are legal conclusions to which no responsive pleading is required or appropriate. To the extent a response is required, IAGCAS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directly involving IAGCAS.

IAGCAS denies any and all remaining allegations contained in the Complaint, including any allegations or claims for relief set forth in the preamble, prayer for relief, headings or titles, appendices or exhibits, which are not otherwise expressly admitted in this answer as being true.

**WHEREFORE**, IAGCAS denies Plaintiff is entitled to any relief whatsoever and demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof it would not otherwise bear, IAGCAS asserts the following affirmative and other defenses. IAGCAS reserves the right to assert additional defenses as the case proceeds and additional information becomes known.

### FIRST DEFENSE

1. Plaintiff's Complaint, and each and every cause of action stated therein, fails to allege facts sufficient to state or constitute a valid claim upon which relief can be granted.

### SECOND DEFENSE

2. Injuries alleged by Plaintiff were caused in whole or in part by force majeure beyond IAGCAS's control, and are therefore barred in whole or in part.

### THIRD DEFENSE

3. Plaintiff's claims are barred in whole or in part by equitable doctrines including but not limited to, waiver, election of remedies, estoppel, laches, acquiescence, in pari delicto and unclean hands.

**FOURTH DEFENSE**

4. Any alleged harm suffered by Plaintiff was not directly or proximately caused by any conduct or act of IAGCAS or by any person or entity whose acts may be attributed to IAGCAS.

**FIFTH DEFENSE**

5. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff has breached the Agreement and its obligation of good faith and fair dealing.

**SIXTH DEFENSE**

6. Plaintiff's claims are barred because of ratification, agreement, acquiescence, or consent to IAGCAS's alleged acts or omissions.

**SEVENTH DEFENSE**

7. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff seeks damages barred by the liquidated damages clauses of the Agreement.

**EIGHTH DEFENSE**

8. Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained.

**NINTH DEFENSE**

9. IAGCAS is entitled to indemnification against any amounts awarded.

**TENTH DEFENSE**

10. Plaintiff's causes of action are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to Plaintiff.

**ELEVENTH DEFENSE**

11. IAGCAS is entitled to a setoff, recoupment and/or offset from any

recovery to which Plaintiff may be found to be entitled.

## TWELFTH DEFENSE

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility, commercial impracticability, and frustration of purpose.

## THIRTEENTH DEFENSE

13. IAGCAS specifically gives notice that it intends to rely upon such other defenses as may become known or available by law, or pursuant to statute, or during discovery, and hereby reserves its right to amend its Answer and assert such other and additional defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Complaint, IAGCAS requests judgment as follows:

1. That Plaintiff take nothing by this action, and the action be dismissed in its entirety with prejudice;

2. That judgment be entered in favor of IAGCAS and against Plaintiff on each and every cause of action set forth in the Complaint;

3. That IAGCAS recover the costs of suit and attorneys' fees incurred herein; and

4. That IAGCAS be granted such other and further relief as the Court deems just and proper.

Dated: October 20, 2021
       New York, New York

Respectfully submitted,

**COHEN & GRESSER LLP**

_/s/ Paul Lisner_

Mark S. Cohen, Esq.
David F. Lisner, Esq.
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: (212) 957-7600
Fax: (212) 957-4514

*Attorneys for Defendant
IAGCAS, LLC*