**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SAUDI ARABIAN AIRLINES CORPORATION,

Plaintiff,

v.

IAGCAS, LLC,

Defendant.

Case No. 1:21-cv-06971
(NRB)(OTW)

---

### [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the Civil Case Management and Scheduling Order (Docket. No. 17), the Court enters the following Stipulated Protective Order ("Order") limiting the disclosure and use of certain discovered information.

IT IS HEREBY ORDERED THAT:

1. This Order shall govern the handling of documents, depositions, deposition exhibits, and other materials produced during discovery, regardless of how such materials are produced.

2. For the purposes of this Order, the following definitions apply:

   a. "Document(s)" means documents, electronically stored information, items, and things set forth in Federal Rule of Civil Procedure 34(a)(1), Local Rules of the Southern District of New York 26.3(c)(l) and (c)(2), and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

   b. "Parties" collectively means Plaintiff Saudi Arabian Airlines Corporation ("SAUDIA" and hereinafter referred to as "Plaintiff") and Defendant IAGCAS, LLC ("Defendant"). Each is individually a "Party."

c.  "Non-Parties" collectively means any persons, partnerships, corporations, associations, or other legal entities not named as a Party to this Action.  Each is individually a "Non-Party."

d.  "Producing Party" means a Party or Non-Party to this Action who produces Documents or Confidential Information in accordance with this Order (collectively, the "Producing Parties").  This Order is binding upon the Producing Parties in this Action, including their respective corporate parents, subsidiaries, affiliates, successors, and assigns, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

e.  "Designating Party" means a Party or Non-Party to this Action who seeks to designate any documents or information as Confidential Information in accordance with this Order.

f.  "Confidential Information" means all information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced in connection with this Action, which has not been made public and which concerns or relates to proprietary or sensitive information used by or pertaining to a Party or Non-Party, which is not generally known, including without limitation agreements and contracts and their terms; current and future business, product, or strategic plans; financial information; medical information; marketing Documents; private personal identifying information; trade secrets; or Documents or information that, if released publicly, would cause embarrassment or damage the reputation of a Party or Non-Party.

3.  Any Party or Non-Party may designate any Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, or testimony "Confidential Information" in accordance with this Order upon a good faith determination that the materials contain or reflect Confidential Information as defined in Paragraph 2(f).  Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information pursuant to this Order.

4.  Documents designated as Confidential Information shall be marked "CONFIDENTIAL" by the Producing Party on each page or, if the Designating Party is not the Producing Party, by notifying the Parties, in writing, that such documents have been designated as Confidential Information.

5.  Confidential Information shall not be disclosed in any fashion, nor be used for any purpose, other than in connection with the prosecution or defense of this Action, on the terms provided herein.

6.  Disclosure of and access to Confidential Information shall be limited to:

    a.  the Court, including any appellate court, its support personnel, and court reporters;

    b.  the Parties to this Action and their managerial employees or representatives assigned to this case;

    c.  counsel retained in connection with this Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    d.  outside vendors or service providers (such as translators, copy-service providers and document-management consultants) that counsel hire and assign to this matter;

e. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

f. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

g. any witness who is not a management employee or representative assigned to this case who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

h. any person a Party retains to serve as a consultant or expert to provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A; and

i. stenographers, videographers, and related staff engaged to transcribe depositions the Parties conduct in this Action.

7. Upon written request from any other Party, the Party or Non-Party designating material as Confidential Information shall identify with reasonable particularity the basis of the designation.  Any Party may object to any other Party's designation of a document as Confidential Information at any time.  Such objection must be made in writing and served on the Party claiming confidentiality.  A disputed item shall remain designated as Confidential Information until the designation has been removed by voluntary agreement or by Order of the Court.

8. The failure to designate material as Confidential Information at the time of production may be remedied by providing written notice to the other Party as soon as is practicable.  If such notice

is provided, all documents, material or testimony so designated shall be treated as if they had been initially designated as Confidential Information.  Notwithstanding such notice, if prior to receipt of the notice such material has been disclosed or used in a manner inconsistent with the provisions of this Order, it shall be deemed a limited disclosure which shall not be considered a violation of this Order.  Upon receipt of such notice, the designated material shall thereafter be considered subject to this Order.

9. Deposition testimony may be designated as Confidential Information by either of the following means:

    a. Stating orally on the record at the deposition that certain information or testimony is Confidential Information or that the entire deposition transcript is so designated; or

    b. Sending written notice within fourteen (14) days of receipt of the deposition transcript designating testimony as Confidential Information.  Written notice must specify the portions of the deposition testimony containing Confidential Information.  All depositions shall be treated as Confidential Information from the taking of the deposition to fourteen (14) days after receipt of the deposition transcript, or until receipt of the notice referred to in this Paragraph, whichever occurs earlier.

10. The production of any material subject to this Order does not in any way waive or otherwise prejudice the right of any party to make objections to the relevance or admissibility of the information produced or to oppose discovery on any other ground.

11. This Order shall not prevent any Party's use of its own Documents and information for any purpose, nor shall such use have any effect on this Order.  Similarly, this Order shall not prevent any Party's use of information or documents obtained lawfully from any source, other than by means of discovery in connection with this Action (*e.g.*, information and documents

that may have come into that Party's possession in the regular course of business), for any purpose.

12. The inadvertent or unintentional disclosure by a Producing Party of Confidential Information shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the Producing Party shall designate such information as Confidential Information as soon as practicable. The obligation to treat such Confidential Information as provided for in this Order shall run from the date of designation.

13. The inadvertent production or disclosure of any Document, material, or information subject to the attorney-client privilege, attorney work product protections, common interest privilege, or any other applicable privilege against disclosure, shall not be deemed to be a waiver, in whole or in part, of the Producing Party's claim of such privilege. Upon the written request of the Producing Party that made the inadvertent production, all copies of the inadvertently produced Document, material, or information, and all information derived from or incorporating the inadvertently produced Document, material or information, shall promptly be returned or destroyed.

14. The Parties shall not use Confidential Information in any open-court proceeding without express permission from the Producing Party or an Order from the Court allowing such use. The Parties shall meet and confer prior to trial with regards to handling Confidential Information at trial.

15. In the event any Confidential Information is to be used in any filing with the Court, the filing shall be redacted or filed under seal in accordance with the Federal Rules of Civil Procedure and the Court's Individual Rules and Practices in Civil Cases.

16. Within thirty (30) days after termination of this Action, including any and all appeals taken therefrom, or within thirty (30) days after the time for taking such appeals has expired without an appeal having been taken, the Parties shall, upon the written request from the Producing Party, return all Confidential Information in their possession to the Producing Party or confirm to the Producing Party that all such Confidential Information has been destroyed, including all copies.  Counsel to the parties, however, shall be entitled to retain copies of Confidential Information for their files.

17. This Order may be executed by the Parties in counterparts.  Scanned or facsimile signatures will be considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

18. Any Party issuing a subpoena to a Non-Party shall provide the Non-Party with a copy of this Order.

Counsel for the Parties:

**COHEN & GRESSER LLP**

By:      */s/ David F. Lisner*
Mark S. Cohen
mcohen@cohengresser.com
David F. Lisner
dlisner@cohengresser.com
800 Third Avenue, 21st Floor
New York, NY 10022
Phone:  (212) 957-7600
Fax:  (212) 957-4514

*Attorneys for Defendant IAGCAS, LLC*

**NORTON ROSE FULBRIGHT US LLP**

By:      */s/ Steve M. Dollar*
Steve M. Dollar
*steve.dollar@nortonrosefulbright.com*
Anthony D. Lauriello
*anthony.lauriello@nortonrosefulbright.com*
1301 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 318-3000

*Attorneys for Plaintiff Saudi Arabian Airlines Corporation*

SO ORDERED.

_____
NAOMI REICE BUCHWALD
United States District Judge

Dated:          __January 4, 2022__
New York, New York

8

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAUDI ARABIAN AIRLINES CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>IAGCAS, LLC,<br><br>     Defendant. | Case No. 1:21-cv-06971 (NRB)(OTW)<br><br>**NON-DISCLOSURE AGREEMENT** |

The undersigned has read the attached Stipulated Protective Order ("Order"), understands the terms of the Order, and agrees to be bound and fully abide by the terms of the Order. In particular:

(a) The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use, except as authorized by the Order and for the sole purpose of this Action, any information designated as Confidential Information and received in connection with this Action.

(b) The undersigned acknowledges that all Confidential Information received and all Documents and things containing information designated as Confidential Information are to remain in the undersigned's personal custody until the undersigned's duties have been completed. Following such duties, the undersigned agrees to return or to destroy all such information and all notes containing any such information in accordance with the Order.

(c) The undersigned submits to the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the Order.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: _____          _____
                                    Signature

                                    _____
                                    Printed Name and Address